KENNETH F. MOSS, Cal. Bar No. 94185
LAW OFFICES OF KENNETH F. MOSS
20335 Ventura Blvd., Suite 430
Woodland Hills, California  91364
Telephone:     818-340-1414
mossmgrlaw@aol.com

Attorney for Plaintiff
UPROAR ENTERTAINMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPROAR ENTERTAINMENT, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>ROBERT COLLINS (aka BOBBY COLLINS), an individual; ON THE INSIDE PRODUCTIONS, LLC., a California limited liability company; and DOES 1-20 inclusive,<br><br>Defendants. | Case No.  2:16-CV-7288<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Uproar Entertainment, alleges as follows:

PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendant's blatant and personal infringement of the copyright in Plaintiff's Compact Discs of the comedic routines of Defendant Robert Collins (professionally known as Bobby Collins).

2. Uproar Entertainment is in the business of recording and distributing to the general public audio recordings of the live performances of comedians.  Uproar Entertainment has, at all

times relevant, had a business relationship with Bobby Collins through which Uproar Entertainment owned the copyright to certain Master Recordings to Collins' performances and marketed those recordings and paid Collins a royalty on sales of those recordings.

Plaintiff owns the copyrights to the recordings of five compact discs, containing the comedic routines of Defendant Collins.

3. Defendant Collins, either on his own behalf, or by and through his Limited Liability Company, On The Inside Productions, LLC, or both, copied new compact discs directly from the copyrighted compact discs, the copyrights for which compact discs are expressly and exclusively owned by Plaintiff Uproar Entertainment, and even went so far as to modify the labels on each of the compact discs and the artwork included in the case for each compact disc, so as to eliminate any reference to Plaintiff Uproar Entertainment, and, instead and in place of such references, to substitute references to Bobby Collins, including an intentionally false and misleading claim of copyright protection for those compact discs.

4. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause, enormous and irreparable harm to Plaintiff. Defendants may not continue to exploit the works for which Defendant Collins has granted to Plaintiff Uproar Entertainment exclusive copyrights to exploit the works to the benefit and profit of Defendants. Defendants' conduct must immediately be stopped and Plaintiff must be compensated for Defendants' willful acts of infringement.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. 101, et seq.

6. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

7. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the state of California and in fact are either individual or business residents of the state of California, and this judicial district, the acts of infringement complained of herein occurred in the state of California and in this judicial district, and Defendants have caused injury to Plaintiff and its intellectual property within the state of California and in this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or §1400(a).

## THE PARTIES

9. Plaintiff Uproar Entertainment is a California corporation, in good standing with the Secretary of State of the State of California and is the legal owner of the copyright interests, in toto, to the compact discs at issue herein.

10. Defendant Robert Collins is an individual, and is a professional comedian who performs as and is professionally known under the name of Bobby Collins, and resides in Santa Monica, California.

11. Defendant, On The Inside Productions, LLC, is a California limited liability company formed by Defendant Robert Collins for the purposes of marketing himself and the compact discs of his performances.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 20, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts herein after set forth. Robert

Collins, Bobby Collins, On The Inside Productions, LLC, and the Doe Defendants are referred to collectively herein as "Defendants."

13.  Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, were acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

14.  On or about May 3, 1995, Plaintiff Uproar Entertainment and Defendant Bobby Collins entered into a Recording Agreement bearing that date (the "Agreement"). Pursuant to the terms of the Agreement, Uproar Entertainment was to and did record live performances by Defendant Bobby Collins which took place on or about May 25, 1995, and which recording was released by Uproar Entertainment as a compact disc entitled "On The Inside". Pursuant to the terms of the Agreement, Collins retained ownership of "…the material performed on said Master Recording, including all copyrights therein, however no ownership of the Master Recording itself" and Plaintiff Uproar Entertainment received "…the exclusive rights during the term to reproduce, distribute and sell the Master Recordings throughout the world in any sound only form now known, or unknown, including but not limited to tapes and CD's."

15.  Subsequent to the release of "On The Inside", Plaintiff Uproar Entertainment and Defendant Bobby Collins entered into two separate oral agreements for Uproar Entertainment to record two additional performances by Collins which ultimately bore the titles of "Out of Bounds" and "I Wanna Go Home." The oral agreements between Collins and Uproar Entertainment were for Uproar Entertainment to own the masters for those two additional recordings and to distribute those two titles under the same terms as set forth in the Agreement of May 3, 1995.

16.  Subsequent to the release of "Out of Bounds" and "I Wanna Go Home", Collins

caused to be delivered to Uproar Entertainment, at different times, either himself or by others, two different Master Recordings of live performances by him and requested that Uproar Entertainment use those masters to create compact discs for sale and distribution, under the same terms as the May 3, 1995 agreement.

17. All of the five compact disc recordings of Collins' live performances bore photography and artwork commissioned and owned by Uproar Entertainment, and each of those CD's bore a legend directly on the compact disc label itself reserving all rights under the copyright laws of the United States to and for Uproar Entertainment.

18. In or about September 2014, Defendants "burned" hundreds of copies of the five compact discs referred to above and obtained new artwork and labeling for both the compact discs themselves, and the packaging which accompanied each compact disc, using the basic format which had been used by Uproar Entertainment in the original copyrighted versions of those compact discs, but altering them to assert a fraudulent claim of copyright ownership as to each for Bobby Collins, and to delete any reference to Uproar Entertainment.

19. Defendants do not have any license, authorization, permission, or consent to claim copyright in those five compact discs, nor to duplicate either the Master Sound Recordings or compact discs and sell them to the exclusion of Plaintiff Uproar Entertainment. Defendants have sold the above-described compact discs on Collins' website and at Collins' live concerts throughout the country without paying Uproar Entertainment, either to purchase the rights to those compact discs or their content (the Master Sound Recordings), or to purchase the compact discs themselves from Uproar Entertainment, choosing instead to sell his own pirated versions of the compact discs to which Uproar Entertainment had the exclusive contractual rights in and to the Master Recordings and the copyright for such Master Recordings. True and correct copies of the

Copyright Certificates of Registration for all five of the above-described compact discs are attached hereto as Exhibit A.

20. Upon learning of the infringing copying and alteration of the compact discs as described above, in April of 2016, Plaintiff Uproar Entertainment notified Defendants in writing of the infringement by filing a motion to amend its cross-complaint in an action then pending by Collins against Uproar Entertainment. At some time subsequent to that notification, Defendants removed those compact discs for sale on the Collins website, and Defendant Collins now claims that he has none of the infringing compact discs, and the Superior Court has rejected Plaintiff Uproar Entertainment Conversion cause of action based on the above facts citing jurisdictional grounds. Nonetheless, Defendants were put on notice of Plaintiff's claims of infringement, and such notice served as a demand to immediately cease and desist. Plaintiff is entitled to injunctive relief and redress for Defendants' willful, intentional, and purposeful use and exploitation of the infringed compact discs for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff's rights.

COUNT I

COPYRIGHT INFRINGEMENT

(17 U.S.C. §§ 106 and 501)

(By Plaintiff Against Defendants)

21. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 20 above, inclusive.

22. Through their conduct alleged herein, Defendants have infringed Plaintiff's copyright in the compact discs described above in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

23. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

24. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

25. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. §504 (b), including an accounting of and a constructive trust with respect to such profits.

26. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

27. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and based thereon alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the compact discs identified hereinabove.  Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in according to proof, or as otherwise permitted by law;

2. For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringement of Plaintiff's copyright in the five compact discs described herein-above;

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons

acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright in the five compact discs identified herein;

    4.    For prejudgment interest according to law;

    5.    For Plaintiff's attorney's fees, costs, and disbursements in this action;

    6.    For such other and further relief as the Court may deem just and proper.

LAW OFFICES OF KENNETH F. MOSS

September 28, 2016

BY  /S/_____
    KENNETH F. MOSS
    Attorney for Plaintiff
    UPROAR ENTERTAINMENT

<u>DEMAND FOR JURY TRIAL</u>

  Plaintiff demands a trial by jury.

DATE: September 28, 2016    LAW OFFICES OF KENNETH F. MOSS


               BY _____S/_____
                  KENNETH F. MOSS
                  Attorney for Plaintiff
                  UPROAR ENTERTAINMENT